IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ROY JACKSON, #1268721, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-08-0443 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Samuel Roy Jackson, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his conviction for aggravated robbery with a deadly weapon. Pending before the Court are respondent's motion to dismiss the habeas petition as barred by limitations (Docket Entry No. 25), petitioner's response to the motion (Docket Entry No. 26), and petitioner's motion for summary judgment (Docket Entry No. 27).

After careful review of the motions and response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss (Docket Entry No. 25), **DENIES** petitioner's motion for summary judgment (Docket Entry No. 27), and **DISMISSES** this case as barred by limitations.

## I.  PROCEDURAL BACKGROUND

A jury found petitioner guilty of aggravated robbery in cause number 913043 in the 183rd District Court of Harris County, Texas, and assessed punishment at thirty-five years imprisonment, as enhanced by two prior convictions. The conviction was affirmed on appeal

on November 17, 2005. *Jackson v. State*, No. 01-04-1137-CR (Tex. App. – Houston [1st Dist.] 2005, pet. withdrawn). Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals, but withdrew it on March 22, 2006. PD-0134-06. Petitioner's first state habeas application was dismissed as non-compliant with Rule 73.1, Texas Rules of Appellate Procedure. *Ex parte Jackson*, No. 59,058-03. Petitioner's second state habeas application, filed on July 2, 2007, was denied by the Texas Court of Criminal Appeals on November 28, 2007. *Ex parte Jackson*, No. 59,058-05.

The instant federal petition, filed no earlier than February 17, 2008, raises claims for an illegal jury trial, perjured testimony, insufficiency of the evidence, double jeopardy, and ineffective assistance of trial counsel. Petitioner asserts entitlement to summary judgment habeas relief as a matter of law. Respondent argues that this petition is barred by limitations.

## II.  ANALYSIS

As petitioner was convicted after April 24, 1996, this petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas petitions are subject to a one-year limitations period, as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).  Under AEDPA, a conviction becomes final when the time for filing further appeals expires. *Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).  Here, the state court granted petitioner's motion to withdraw his petition for discretionary review on March 22, 2006, and his conviction became "final" by the conclusion of direct review on that date.  28 U.S.C. § 2244(d)(1)(A).  *See, e.g., Carter v. Quarterman*, 2007 WL 998845 (S.D. Tex. 2007); *Romine v. Dretke*, 2004 WL 769377 (N.D. Tex. 2004).  Thus, the one-year limitation commenced on March 22, 2006, and expired one year later on March 22, 2007, absent statutory or equitable tolling.  28 U.S.C. §§ 2244(d)(1)-(2).

A.     **Statutory Tolling**

The state court record shows that petitioner filed an application for state habeas relief

with the trial court on July 5, 2006.[1]  *Ex parte Jackson*, WR-59,058-03, p. 81.  On August

8, 2006, the trial court signed an order designating issues.  *Id*., p. 85 (4/5/07).  Respondent

did not file an answer until seven months later, on March 15, 2007.  *Id*., p. 103.  In the

answer, respondent argued that petitioner's habeas application should be dismissed for his

failure to comply with Rule 73.1, Texas Rules of Appellate Procedure, which requires the

use of standardized habeas forms.  On March 19, 2007, the trial court dismissed petitioner's

habeas application for his failure to comply with Rule 73.  *Id*., p. 106.  The Texas Court of

Criminal Appeals likewise dismissed the habeas application as non-compliant with Rule 73.1

on April 25, 2007.  Petitioner's second state habeas application, filed on July 2, 2007, was

denied on the merits by the Texas Court of Criminal Appeals on November 28, 2007.  *Ex*

*parte Jackson*, No. 59,058-05.

Respondent correctly argues that, because the Texas Court of Criminal Appeals

dismissed petitioner's first state habeas application for non-compliance with Rule 73.1, it was

not a "properly filed" application under section 2244(d)(2), and afforded petitioner no tolling

---

[1]Petitioner claims that his first application for state habeas relief was filed on May 22, 2006, not July 5, 2006, and that it was submitted on the proper form.  As proof, he directs the Court to the cover of his memorandum in support of his application for state habeas relief.  *Ex parte Jackson*, WR-59,058-02, p. 14 (02/09/07).  The cover reflects a file-stamped date of July 5, 2006.  The May 22, 2006, file-stamped date referenced by petitioner was over-stamped, "CANCELLED."  Regardless, the document is a memorandum of law, not a habeas application.  The record does not reflect that petitioner submitted a properly-filed application for state habeas relief on May 22, 2006.

4

effect. *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). *See also Caldwell v. Dretke*, 182 Fed. Appx. 346, 347 (5th Cir. 2006) ("[Petitioner's] second application was rejected for failure to comply with TEX. R. APP. P. 73.2, and, therefore, did not toll the limitations period because it was not properly filed."). Respondent further correctly argues that petitioner's second application for state habeas relief, filed with the trial court on July 2, 2007, and denied by the Texas Court of Criminal Appeals on November 28, 2007, was filed *after* expiration of limitations and likewise afforded petitioner no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No grounds for statutory tolling are shown.

### B.    Equitable Tolling

Although petitioner does not expressly request application of equitable tolling in his case, a careful review of his pleadings reflects his consistent complaints with the state court's delays in processing his habeas applications. Affording his pleadings the "liberal construction" required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds that petitioner states factual allegations sufficient to raise equitable tolling.

To merit application of equitable tolling in context of section 2254, a petitioner must show that he pursued his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 418 (2007). Petitioner is not unequivocally entitled to equitable tolling, as he failed to comply with Rule 73.1, Texas Rules of Appellate Procedure, which requires as follows:

(a)    Prescribed Form. An application for post conviction habeas corpus relief in a felony case without a death penalty, under Code of Criminal Procedure article 11.07, must be made in the form prescribed by the Court of Criminal Appeals in an order entered for that purpose.

(b)    Availability of Form. The clerk of the convicting court will make the forms available to applicants on request, without charge.

(c)    Contents. The person making the application must provide all information required by the form. The application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The application must not cite cases or other law. Legal citations and arguments may be made in a separate memorandum. The application must be typewritten or handwritten legibly.

The state courts dismissed petitioner's first article 11.07 application for state habeas relief for his failure to utilize the form and format required by Rule 73.1. Accordingly, the bare fact that petitioner's application was dismissed as non-compliant imparts no basis for equitable tolling.

## C.    Certificate of Appealability

The Court is concerned, however, by the legal position in which petitioner was placed by respondent's unexplained seven-month delay in filing an answer in the first state habeas proceeding. The trial court did not comply with Rule 73.2 by dismissing or returning petitioner's application as non-compliant at the time it was filed, and it instead designated issues on the merits of petitioner's claims. Petitioner was without actual notice that his application might be dismissed as non-compliant until respondent filed his answer some

6

seven months later.  Further, petitioner diligently pursued his legal interests, as he sought

mandamus relief on the trial court's delays in December 2006.  *Ex parte Jackson*, WR-

59,058-02 (2/9/07).  On March 14, 2007, the Texas Court of Criminal Appeals ordered the

trial court to respond to petitioner's mandamus application.  *Ex parte Jackson*, WR-59,058-

02, pp. 2-3 (3/14/07).  Respondent filed its answer and proposed findings in the pending state

*habeas* case the very next day.   Under these circumstances, the Court concludes that

petitioner is entitled to a certificate of appealability on the issue of equitable tolling.

## III.  CONCLUSION

For these reasons, the motion to dismiss (Docket Entry No. 25) is **GRANTED**,

petitioner's motion for summary judgment (Docket Entry No. 27) is **DENIED**, and this

petition is **DISMISSED WITH PREJUDICE** as barred by limitations.   The Court

**GRANTS** petitioner a certificate of appealability as to whether he is entitled to equitable

tolling due to respondent's lengthy delay in seeking dismissal of petitioner's state habeas

application for non-compliance with Rule 73.1, Texas Rules of Appellate Procedure.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the /<sup>st</sup> day of June, 2009.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SAMUEL ROY JACKSON, #1268721, §
§
*Petitioner,* §
§
v. §                    Civil Action No. H-08-0443
§
NATHANIEL QUARTERMAN, §
§
*Respondent.* §

## FINAL JUDGMENT

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date,

this civil action is **DISMISSED WITH PREJUDICE**.

This is a **FINAL JUDGMENT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the *1st* day of June, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE