United States District Court
Southern District of Texas
**ENTERED**
November 05, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL ROY JACKSON, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0443 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is petitioner's *pro se* Rule 60 motion challenging his 2004 state conviction and this Court's 2009 dismissal of his habeas challenge to the conviction. (Docket Entry No. 110.)

Having considered the motion, the record, matters of public record, and the applicable law, the motion is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, as shown below.

**I. PROCEDURAL BACKGROUND**

In 2009, the Court dismissed petitioner's habeas challenge to his 2004 state conviction as barred by limitations, and his appeal of that ruling was dismissed by the Fifth Circuit Court of Appeals. Petitioner subsequently filed three unsuccessful motions challenging the conviction and/or this Court's dismissal, each of which was dismissed as an unauthorized successive habeas petition. The Fifth Circuit denied a certificate of appealability as to each

dismissal. Petitioner also filed three unsuccessful motions in the Fifth Circuit for authorization to file a successive habeas petition challenging his 2004 conviction and sentence.

Following petitioner's most recent unsuccessful attempt to challenge his 2004 conviction, the Fifth Circuit imposed a $100.00 monetary sanction and preclusion order against him on August 19, 2021, for his repetitive, abusive, and frivolous challenges to his conviction and sentence. *In re: Samuel Jackson*, No. 20-20547 (5th Cir. 2021). The Fifth Circuit's docket does not show that the sanction has been paid, and petitioner remains barred from filing any "appeals or initial pleadings in this court or in any court subject to this court's jurisdiction challenging his 2004 conviction and sentence for aggravated robbery, no matter how styled, without first obtaining leave of the court in which he seeks to file such a challenge." *Id.*

## II. ANALYSIS

A. <u>Sanctions and Preclusion Bar</u>

Despite the Fifth Circuit's recent imposition of the monetary sanction and preclusion bar, petitioner here again challenges his 2004 conviction and this Court's 2009 dismissal of his habeas petition. (Docket Entry No. 110.) Petitioner has not paid the $100.00 monetary sanction, and his Rule 60 motion is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as barred by the Fifth Circuit's sanctions and preclusion order of August 19, 2021.

Petitioner's implied request for leave of this Court to file the instant motion without payment of the monetary sanction is **DENIED**.

B.   FRCP 60(b)(3)

Regardless, petitioner states that he is seeking relief under "Rule 60 (B) (D) (3)." There is no such federal rule. To the extent petitioner is seeking relief under Federal Rule of Civil Procedure ("FRCP") 60(b)(3), the motion would be subject to dismissal for want of jurisdiction as an unauthorized successive habeas petition.

Even assuming the Court were to have jurisdiction, FRCP 60(c) requires that motions under FRCP 60(b)(3) be brought within one year after entry of the relevant order or judgment. The Court dismissed petitioner's habeas petition as barred by limitations in 2004, and the time limitation set forth in Rule 60(c) has long expired.

C.   FRCP 60(d)(3)

To the extent petitioner is seeking relief under FRCP 60(d)(3) for alleged fraud on the court, the motion constitutes a habeas challenge to his conviction and/or this Court's 2009 dismissal of his habeas petition and would be subject to dismissal for want of jurisdiction as an unauthorized successive habeas petition.

Even assuming this Court were to have jurisdiction, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court" for purposes of FRCP 60(d)(3). *See Curtis v. Brunsting*, 860 F. App'x 332, 336 (5th Cir. June 21, 2021)

3

(citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). Petitioner's conclusory assertions of fraud on the court fall well short of this demanding standard.

### III. CONCLUSION

For the above reasons, petitioner's Rule 60 motion (Docket Entry No. 110) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to the Fifth Circuit Court of Appeals' sanctions order and preclusion bar of August 19, 2021.

A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 5th day of November, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE